UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THEODIS BROWN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-635-CEJ |
| | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | |
| POLICE RETIREMENT SYSTEM | ) | |
| OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. #2], as well as his motions for default judgment and to compel pretrial discovery [Docs. #9 and #3, respectively]. Upon consideration of plaintiff's financial affidavits [Docs. #8 and #12], the Court finds that he is unable to pay the filing fee, and therefore, his motion to proceed in forma pauperis will be granted.

Plaintiff's motions for default judgment and pretrial discovery are premature, given that the Court has not yet conducted frivolity review or issued a Case Management Order. As such, the Court will deny these motions without prejudice.

Additionally, the Court will order plaintiff to submit an amended complaint, as set forth below.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## The Complaint and Supplement

Plaintiff has filed two documents that purport to be a complaint and a supplement to the complaint [Doc. #1 and #14]. The documents partially consist of forms generated by the Court for use in employment discrimination actions. The

documents contain material that is incomprehensible and sometimes illegible which makes it impossible to determine the nature of the plaintiff's claims.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint and supplement the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out his claims in a simple, concise, and direct manner, and to set out the facts supporting his claims. Because plaintiff has failed to do so, the Court is unable to determine whether his allegations are frivolous or fail to state a claim.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will allow him time to file an amended complaint in accordance with the following instructions. The amended complaint must be typed or legibly written and should not include cut-and-pasted information from other sources. In the "Caption" at the top of the first page of the amended complaint, plaintiff must list the name of each defendant he wishes to sue. Below the caption, plaintiff must include a "Statement of Claims" in which he sets out in a simple, concise, and direct manner the specific facts supporting his claims against each named defendant. To accomplish this, plaintiff shall with respect to each defendant separately: (1) write the name of the defendant and (2) underneath the name, plaintiff must state the type of discrimination claim he is asserting against that defendant (*e.g.*, race, sex, age, etc.) and in separate numbered paragraphs the facts supporting his claims as to that particular defendant. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint. Plaintiff must sign the amended complaint. In addition, plaintiff must attach to his amended complaint copies of all notice-of-right-to-sue letters he has received that pertain to his claims.

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any defendant(s) as to each of his causes of action against that defendant will result in dismissal of that individual and/or cause of action from this case.[1] Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendant at this time. Plaintiff is advised that the amended complaint will replace the original complaint and supplement and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel pretrial discovery [Doc. #3] and motion for entry of default judgment [Doc. #9] are **denied without prejudice**.

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and/or failure to state a claim. .

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth above, **on or before June 21, 2012**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank form complaint for the filing of an employment discrimination action.

Dated this 22nd day of May, 2012.

                                                  /s/ Carol E. Jackson
                                      UNITED STATES DISTRICT JUDGE